## UNITED STATES of America, Plaintiff–Appellee,

v.

## Ricardo PEREYRA–EQUIHUA, a.k.a. Ruben Rosales Osuna, a.k.a. Ricardo Pereira, a.k.a. Ricardo Pereya–Ehihua, a.k.a. Ricardo Pereyro, Defendant–Appellant.

No. 12–50124.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 19, 2013.*

Filed Dec. 4, 2013.

Jean–Claude Andre, Assistant U.S., Ami Sheth, Assistant U.S., Office of the U.S.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Ricardo Pereyra–Equihua, Lisbon, OH, pro se.

David W. Fermino, Esquire, Law Offices of David W. Fermino, San Francisco, CA, for Defendant–Appellant.

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

## MEMORANDUM **

Ricardo Pereyra–Equihua appeals from the district court's judgment and challenges his guilty-plea conviction and 132–month sentence for conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. § 846. Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Pereyra–Equihua's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Pereyra–Equihua the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Pereyra–Equihua waived his right to appeal his conviction, with the exception of an appeal based on a claim that his plea was involuntary. He also waived the right to appeal five specified issues related to his sentence as long as his sentence did not

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

exceed 210 months. Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable grounds for relief as to the voluntariness of Pereyra–Equihua's plea or any sentencing issue outside the scope of the sentencing appeal waiver. We therefore affirm as to those issues. We dismiss the remainder of the appeal in light of the valid appeal waivers. *See United States v. Watson,* 582 F.3d 974, 988 (9th Cir.2009).

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED in part; DISMISSED in part.**